UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

KAREN TESEI                                                CIVIL ACTION NO. 25-cv-1324

VERSUS                                                     JUDGE TERRY A. DOUGHTY

FC ENCORE BOSSIER CITY I, LLC                              MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Karen Tesei filed this civil action in state court against FC Encore Bossier City I, LLC. FC Encore removed the case based on an assertion of diversity jurisdiction, which puts the burden on it to set forth specific allegations that show complete diversity of citizenship and an amount in controversy in excess of $75,000. More information is needed with regard to the citizenship of FC Encore if it is to meet its burden and remain in federal court.

FC Encore filed a Rule 7.1 Disclosure Statement in an attempt to set forth its citizenship. It alleged that it is a Delaware limited liability company whose sole member is FC Encore Properties A, LLC. The sole member of FC Encore Properties A, LLC is FC Encore Holdco II, LLC, whose sole member is FC Encore Holdco I, LLC. The sole member of FC Encore Holdco I, LLC is Trident Encore-U LLC. The sole member of Trident Encore-U LLC is OHI Asset HUD SF CA, LLC. The sole member of OHI Asset HUD SF CA, LLC is OHI Healthcare Properties Limited Partnership. FC Encore alleges that OHI Healthcare's partners "include" Omega Healthcare Investors, a Maryland

corporation with its principal place of business in Maryland, "and limited partners who are outside investors, none of which are citizens of the State of Louisiana."

The citizenship of an LLC such as FC Encore is determined by the citizenship of its members. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. Mullins v. TestAmerica Inc., 564 F.3d 386, 397-98 (5th Cir. 2009); Rodidaco, Inc. v. Chesapeake Energy Louisiana Corp. 2018 WL 3551525 (W.D. La. 2018).

If a relevant entity, such as OHI Healthcare Properties Limited Partnership, is a partnership, then all of its partners—both general and limited—must be identified and their citizenship alleged. Whalen v. Carter, 954 F.2d 1087, 1095 (5th Cir. 1994). "A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation." Settlement Funding, L.L.C. v. Rapid Settlements, Ltd., 851 F.3d 530, 536 (5th Cir. 2017). The allegation that OHI Healthcare's partners "include" Omega and unidentified limited partners is not sufficiently specific to identify all of its partners.

It is also not sufficient, even if the limited partners are identified, to merely allege that "none of [them] are citizens of the State of Louisiana." Mullins v. TestAmerica Inc., 300 Fed. Appx. 259, 260 (5th Cir. 2008) (party's stated belief that none of the entities had members and partners in Texas "falls manifestly short of distinctly and affirmatively alleging [a partnership's] citizenship"). The court has seen quite a few cases where a party

alleged that none of the unidentified members/partners/parties were citizens of Louisiana, but it was determined that the allegation was incorrect after the court pressed the party to allege the citizenship of each relevant person or entity with specificity in accordance with the applicable rules.

The relevant times for assessing the members of FC Encore (and OHI Healthcare Properties) are (1) when the state court petition was filed {July 29, 2025} *and* (2) the time of removal {September 8, 2025}. Coury v. Prot, 85 F.3d 244, 249 (5th Cir. 1996) ("In cases removed from state court, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court."). The current disclosure statement speaks only to the time of removal. This is not a significant issue in many diversity cases, but when there are multiple limited partners, with the potential for frequent transfers of partnerships interests, it can be critical, so specificity is required to ensure subject matter jurisdiction.

**FC Encore will be allowed until October 3, 2025 to file an amended Diversity Jurisdiction Disclosure Statement** that complies with the rules outlined above. Sometimes this obligation, when it comes to complex entities, is impossible or too burdensome to satisfy. Moran v. Gulf South Pipeline Co., LP, 2007 WL 276196 (W.D. La. 2007) (collecting cases that required specificity of limited partners despite there being thousands of them or their interests being miniscule); Masion v. Liberty Mut. Ins. Co., 2006 WL 1675378 (W.D. La. 2006) (requiring specificity even though partnership shares were publicly traded and identities of owners changed often based on trades). If that is the

case, FC Encore may notify the court that it is unable to satisfy its burden of establishing diversity jurisdiction, and the court will enter an order of remand.

    THUS DONE AND SIGNED in Shreveport, Louisiana, this 16th day of September, 2025.

Mark L. Hornsby
U.S. Magistrate Judge